**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FERINYER FAJARDO MEDINA,    )
    )
    Petitioner,    )
    )    Case No.  26-cv-7794
    v.    )
    )    Judge John Robert Blakey
SAMUEL OLSON, et al.,    )
    )
    Respondents.    )

## ORDER

Because Petitioner's mandatory detention without a custody redetermination hearing pending removal proceedings is contrary to the law, this Court grants the amended petition for a writ of habeas corpus, [2], and expects that, within a reasonable time, Respondents shall, consistent with this order, either: (1) effect removal proceedings consistent with the INA and its implementing regulations; (2) provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a); or (3) otherwise release Petitioner from custody (under reasonable conditions of supervision).  If Respondents fail to do one of these three options <u>within five days of this order</u>, then they must, <u>within seven days of this order</u>, file a report with supporting materials showing cause why this Court should not exercise its equitable authority and order Petitioner's immediate release from custody, pending removal proceedings.  This Court sets this matter for a status hearing on August 12, 2026, at 11:00 a.m. in Courtroom 1203. Petitioner's initial petition [1] and motion for a temporary restraining order [3] are denied as moot.

## STATEMENT

### A.    Background & Procedural History

Based upon the record, the parties agree that the Petitioner Ferinyer Fajardo Medina is not a citizen of the United States, nor a legal resident alien, and that Petitioner is not otherwise lawfully present in the United States on a visa.  Instead, Petitioner remains a native and citizen of Venezuela, who has resided in the United States without authorization since at least 2022.  Respondents represent (and Petitioner does not dispute) that Petitioner "entered the United States" shortly before September 25, 2022, when U.S. Customs and Border Protection officials "encountered" her and "paroled" her into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). [14] at 1–2.  Petitioner has applied for asylum and holds an asylum-

based work permit, but she remains a "foreign national" who is "present in the United States without having been legally admitted." *Id.*; [2] ¶ 19.

On July 2, 2026, ICE's "Enforcement and Removal Operations" arrested and detained Petitioner. [10] at 3. Before arresting Petition, ICE gave no notice of any parole revocation; nor did Respondents make any individualized determination regarding whether the conditions of her release had been violated or whether there was a changed circumstance warranting her re-detention. [2] at 4. At the time of her arrest, the Department of Homeland Security issued a notice to appear for removal proceedings, and Petitioner is currently scheduled to appear before an Immigration Judge on August 25, 2026. [10] at 1; [14-1]. After arresting Petitioner, ICE agents brought her to ICE's processing Center in Broadview, Illinois; ICE then relocated Petitioner to the Clark County Jail, in Jeffersonville, Indiana. Petitioner has remained in detention since her initial arrest; she has not had a bond hearing.

The day of her arrest, Petitioner filed a petition under 28 U.S.C. § 2241, seeking a release order, [1]; she filed an amended petition later that same day, [2]. She alleges that her detention without a bond redetermination hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. *Id.* In their answer to the petition, Respondents claim Petitioner remains subject to mandatory detention pending removal, under Respondents' recent interpretation of 8 U.S.C. §1225(b)(2).

## B.      Legal Authority & Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *See, e.g., Walker v. Johnston,* 312 U.S. 275, 286 (1941). Here, the Petitioner claims that his mandatory detention (without a custody redetermination by the immigration judge) violates both the INA and the due process clause of the Fifth Amendment under the facts of this case.

As to the INA, the parties invoke two different sections of the INA relating to detention. Petitioner contends that this case falls within 8 U.S.C. § 1226(a) and thus Petitioner remains entitled to a bond hearing; while Respondents claim this case is governed by § 1225(b)(2), and thus, Petitioner is subject to mandatory detention. As Respondents note, since the Board of Immigration Appeals' ruling in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), federal courts across the country have been asked to consider whether foreign nationals who entered the United States without inspection remain eligible for bond hearings in immigration court. Respondents acknowledge that "judges in this district and elsewhere have recently granted habeas corpus relief in cases raising similar factual and legal issues to those raised by the present case," and they concede that "many decisions from this district have held that

8 U.S.C. § 1226(a) applies to foreign nationals" who, like Petitioner here, are "present in the United States without having been legally admitted." [14] at 2–3.

Respondents concede that this case presents the "same central issue" addressed in these "many decisions" and acknowledge that this case remains indistinguishable from them "in any material respect." *Id.* at 3–4. As a result, this Court rules today as it has consistently under these circumstances: consistent with *Jennings v. Rodriguez*, 583 U.S. 281 (2018), noncitizens already in the country are properly detained pursuant to § 1226(a), rather than § 1225(b)(2)(A), and are thus entitled to a bond hearing. *See Cirrus Rojas v. Olson*, No. 25-3127, slip op. at 5 (7th Cir. July 30, 2026) ("Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (holding that, "based upon the text and structure" of the two statutory provisions, the "better argument" is that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). The facts of Petitioner's case fall squarely under § 1226(a), not § 1225(b); Petitioner thus qualifies for discretionary detention, and subjecting Petitioner to mandatory detention under § 1225(b) remains contrary to the INA. Indeed, the undisputed portions of the record provide no evidence to suggest that Petitioner was "seeking entry" into the United States when immigration officers encountered and detained her.[1]

## C.    Conclusion

Because Petitioner's mandatory detention without a custody redetermination hearing pending removal proceedings is contrary to the law as set forth above, this Court grants the amended petition for a writ of habeas corpus [2], and expects that, within a reasonable time, Respondents shall, consistent with this order, either: (1) effect removal proceedings consistent with the INA and its implementing regulations; (2) provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a); or (3) otherwise release Petitioner from custody (under reasonable conditions of supervision). If Respondents fail to do one of these three options <u>with five days of this order</u>, then they must, <u>within seven days of this order</u>, file a report with supporting materials showing cause why this Court should not exercise its equitable

---

[1] On the contrary, Respondents concede that Petition entered the United States in 2022, and does not dispute that Petitioner has been residing in Chicago since that time. Given such facts (and having determined that Petitioner's mandatory detention without a custody redetermination pending removal remains unlawful under the INA), this Court need not consider whether her detention also runs contrary to the due process clause. 28 U.S.C. § 2241 (a district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution *or* laws . . . of the United States.") (emphasis added).

authority and order Petitioner's immediate release from custody, pending removal proceedings.

This Court sets a status hearing on August 12, 2026 at 11:00 a.m. in Courtroom 1203.

Dated: July 31, 2026                                Entered:

John Robert Blakey
United States District Judge